| | | | |
|---|---|---|---|
| Case No. | **CV 17-968-DMG (DTBx)** | Date | May 17, 2017 |
| Title | *Ronaldus F.J. Evers v. Losahn Robbins Staley Testamentary Trust Dated July 25, 1974* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR PERMANENT AND PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [1]**

Plaintiff Ronaldus F.J. Evers filed the instant Motion for Permanent and Preliminary Injunction and Temporary Restraining Order (the "Motion") against Defendant Losahn Robbins Staley Testamentary Trust Dated July 25, 1974 (the "Trust").[1] [Doc. # 1.] Evers alleges that he is one of two owners of the property central to this action (the "Property"), located at 1474 Old Woman Springs Rd., Landers, CA 92285, and subject to an unlawful detainer action and eviction order. Motion at 4, 5. A lock-out of the Property is scheduled for May 18, 2017. *Id.* at 5. Everts asserts that he will sustain irreparable damages absent the issuance of a TRO. *See id.* at 5–6.

For the reasons discussed below, the Court **DISMISSES** the action without prejudice and **DENIES** the Motion as moot.

# I.
# SUBJECT MATTER JURISDICTION

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). It is presumed that causes of action lie outside federal courts' limited subject matter jurisdiction, and it is the party asserting the court's subject matter jurisdiction who

---

[1] The docket lists two defendants, but the Motion and attached documents indicate that the intended Defendant is the testamentary trust of now-deceased Losahn Robbins Staley. *See* Doc. # 1 at 28 (notice of lodging of Staley's will).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-968-DMG (DTBx)** | Date | May 17, 2017 |
|---|---|---|---|

| Title | *Ronaldus F.J. Evers v. Losahn Robbins Staley Testamentary Trust Dated July 25, 1974* | Page | 2 of 4 |
|---|---|---|---|

bears the burden of establishing the contrary. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The district court's subject matter jurisdiction may be based on diversity of citizenship or federal question. District courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and "is between[] citizens of different states." 28 U.S.C. § 1332(a)(1). The party asserting subject matter jurisdiction based on diversity of citizenship must present "summary-judgement-type evidence" relevant to the amount in controversy and the citizenship of the parties. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Federal question jurisdiction occurs when the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Evers did not submit a complaint. According to the civil cover sheet in this action, he invokes this Court's subject matter jurisdiction on the basis of diversity of citizenship. *See* Doc. # 1-3. Evers is a California citizen. *See, e.g.*, Motion at 3. The Trust's citizenship is unknown—neither the civil cover sheet, the Motion, nor the 80 pages attached thereto provide that information. In fact, all events related to the Property and Evers' alleged ownership interest in the Property appear to have occurred in California. "Since the party asserting diversity jurisdiction bears the burden of proof, [Evers'] failure to specify [the Trust's] state citizenship [i]s fatal to [his] assertion of diversity jurisdiction." *Kanter*, 265 F.3d at 857–58 (citation omitted).

Moreover, Evers has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Motion states that, at first, the unlawful detainer action indicated that less than $10,000 was at stake but was later changed to the designation of an "unlimited" action with "over $25,000" at stake. Motion at 4. This is a far cry from a showing, by a preponderance of the evidence, that more than $75,000 is at issue.

To the extent Evers bases the action on a federal question, the Motion—even when liberally construed as a complaint—raises none. The Motion mentions two statutes in passing: 15 U.S.C. section 1692 and 18 U.S.C. section 1623. *See* Motion at 5. Section 1623 is a criminal statute that does not give Evers a right of action. Section 1692 is a provision of the Fair Debt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-968-DMG (DTBx)** | Date | May 17, 2017 |
|---|---|---|---|
| Title | *Ronaldus F.J. Evers v. Losahn Robbins Staley Testamentary Trust Dated July 25, 1974* | Page | 3 of 4 |

Collection Practices Act ("FDCPA") that, although appearing on the face of the Motion, does not apply here. Specifically, Evers alleges that he paid $150 when he filed an unlawful detainer action. *Id.* When his action never went to trial, "the courts . . . violate[d] [his] rights under 15 U.S.C. [section] 1692 by taking monies from [him] for something that was never produced and/or delivered." *Id.* These allegations, even if true, do not give rise to a cause of action under the FDCPA such that Evers' case arises under federal law.

In sum, Evers has failed to establish this Court's subject matter jurisdiction. The Court therefore may not review the merits of his claim for the issuance of a TRO.

## II.
## CONCLUSION

Because this Court lacks subject matter jurisdiction over the matter, the action is **DISMISSED** without prejudice. Evers' *ex parte* Motion for a TRO is **DENIED as moot**.

**IT IS SO ORDERED.**